SLR:BGK:MDH
F#2013V00322

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

        -against-

APPROXIMATELY ONE HUNDRED FOURTEEN
THOUSAND DOLLARS ($114,000) IN UNITED
STATES CURRENCY, AND ALL PROCEEDS
TRACEABLE THERETO,

        Defendant *In Rem*.

-----------------------------------------------------------------X

**VERIFIED COMPLAINT
*IN REM***

Civil Action No.

        Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Melanie D. Hendry, Assistant United States Attorney, of counsel, alleges upon information and belief as follows:

## NATURE OF THE ACTION

        1.    This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America the above-captioned defendant funds, approximately $114,000 in United States currency, and all proceeds traceable thereto (the "Defendant Funds"), which were seized on or about May 27, 2011, from Luz Celeste Garcia ("Garcia") at John F. Kennedy International Airport in Queens, New York.

        2.    The Defendant Funds are subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) as property involved in a violation of 31 U.S.C. § 5316 and property traceable thereto.

3. The Defendant Funds are also subject to forfeiture pursuant to 31 U.S.C. § 5332(c) as property involved in a violation of 31 U.S.C. § 5332 and property traceable thereto.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper pursuant to 28 U.S.C. §§ 1355 and 1395 in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York and the Defendant Funds are found in the Eastern District of New York.

## STATUTORY PROVISIONS

6. Pursuant to 31 U.S.C. § 5316, any person who knowingly transports, is about to transport, or has transported monetary instruments of more than $10,000 from a place in the United States to or through a place outside the United States must file a report in the form prescribed by the Secretary of the Treasury. The form as prescribed by the Secretary of Treasury requires the reporting of, *inter alia*, the name of the person who is transporting or is about to transport the monetary instruments and the value of the monetary instruments.

7. Pursuant to 31 U.S.C. § 5312(a)(3)(A), United States currency is a monetary instrument for purposes of 31 U.S.C. § 5316.

8. Filing a report containing a material omission or misstatement of fact is a violation of 31 U.S.C. § 5316. Any property involved in violation of 31 U.S.C. § 5316 or any conspiracy to commit such a violation and any property traceable thereto is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c).

9. Pursuant to 31 U.S.C. § 5332(a)(1), it is unlawful for any individual to, *inter alia*, knowingly conceal more than $10,000 in currency on his or her person or in any article of

luggage and to transport or attempt to transport such currency from a place within the United States to a place outside of the United States.

10. Pursuant to 31 U.S.C. § 5332(c), any property involved in a violation of § 5332(a) or conspiracy to commit such a violation and any property traceable thereto may be seized and forfeited to the United States.

## FACTS

11. On or about May 27, 2011, Garcia was scheduled to fly on JetBlue Airlines Flight 839 from John F. Kennedy International Airport to the Dominican Republic. An inspection of her checked luggage by officers of the United States Transportation Safety Administration ("TSA") revealed a large amount of concealed cash. Thereafter, TSA notified officers of the United States Customs and Border Protection's ("CBP") Anti-Terrorism Contraband Enforcement Team of their findings. CBP officers then stopped Garcia in the jetway as she was attempting to board her JetBlue flight.

12. Garcia was informed by CBP officers of the currency reporting regulations under Title 31 of the United States Code. Garcia was then asked by CBP officers to declare in writing all monies that she was transporting on behalf of herself and/or others.

13. Garcia both verbally declared to the CBP officer and submitted a CBP Currency Reporting Publication declaring that she was transporting only $800 in United States currency.

14. When asked by CBP officers to produce for verification all monies that she was transporting, Garcia presented $967 in United States currency from her wallet.

15. Examination by CBP officers of Garcia's checked suitcase revealed an electric double burner range (the "burner"). Concealed in this burner was $113,500 in United States currency.

3

16. On or about May 27, 2011, CBP seized a total of approximately $114,467 in United States currency from Garcia. A total of approximately $467 in United States currency was returned to Garcia for humanitarian reasons.

17. During a post-seizure interview, Garcia stated in sum and substance that she received the burner with currency concealed inside of it from her father, Felix Alberto Garcia. Garcia acknowledged that she was aware that she was transporting a large amount of currency, but she stated that she did not know the exact amount she was transporting.

18. Currency was previously seized from Garcia's father, Felix Alberto Garcia, at John F. Kennedy airport for a currency smuggling violation in or around May 2001.

19. On or about July 15, 2011, CBP issued to Garcia notice of seizure and its intention to forfeit the Defendant Funds.

20. In or around January 2013, Garcia's brother, Felix Alexander Garcia, and father, Felix Alberto Garcia, filed with CBP two CAFRA election of proceedings forms requesting that CBP refer the matter for court action. The case was then referred to the United States Attorney's Office for the commencement of this judicial forfeiture proceeding.

## FIRST CLAIM FOR RELIEF

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22. The provisions of 31 U.S.C. § 5316 require, *inter alia*, every person who knowingly transports, or is about to transport, currency of more than $10,000 from a place within the United States to or through a place outside the United States to file a report with CBP prior to the time of leaving the United States, fully and accurately declaring, *inter alia*, the amount of the currency.

23. Garcia knowingly filed a false report with CBP regarding the amount of currency

4

she was transporting outside the United States, destined for the Dominican Republic, since she reported $800 but was, in fact, transporting a total of $114,467 in United States currency on her person and concealed inside of the burner she was carrying in her luggage.

24. The Defendant Funds constitute monetary instruments in excess of $10,000 for which Garcia filed an inaccurate report with CBP.

25. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States pursuant to 31 U.S.C. § 5317(c).

## SECOND CLAIM FOR RELIEF

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

27. Pursuant to 31 U.S.C. § 5332(a), it is an offense for any person, with the intent to evade a currency reporting requirement under 31 U.S.C. § 5316, to knowingly conceal more than $10,000 in currency and transport or attempt to transport that currency from a place within the United States to a place outside the United States. Any property involved in a violation of or conspiracy to violate § 5332(a) and any property traceable thereto is subject to forfeiture.

28. With the intent to evade the currency reporting requirement under 31 U.S.C. § 5316, Garcia knowingly concealed more than $10,000 in currency on her person and in her luggage in violation of 31 U.S.C. § 5332(a).

29. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States pursuant to 31 U.S.C. § 5332(c).

WHEREFORE, plaintiff, United States of America, requests that a warrant of this Court issue for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that after further proceedings the Defendant Funds be forfeited and condemned to the use of the United States of America; and that plaintiff be awarded its costs and

disbursements in this action, and such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
September 12, 2013

> LORETTA E. LYNCH
> United States Attorney
> Eastern District of New York
> *Attorney for Plaintiff*
> 271 Cadman Plaza East
> Brooklyn, New York 11201
>
> By: /s/ Melanie D. Hendry
> Melanie D. Hendry
> Assistant United States Attorney
> (718) 254-6040

## **VERIFICATION**

Leigh Senzatimore hereby declares as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and, as such, have knowledge of the facts underlying this action.

2. I have read the within verified complaint *in rem* and know the contents thereof.

3. The matters contained in the within verified complaint *in rem* are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of the HSI and other law enforcement agencies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
September 12, 2013

LEIGH SENZATIMORE
Special Agent
United States Department of Homeland Security
Homeland Security Investigations